OPINION of the Court, by
Ch. J. Boyle.
— This }g a contest for land claimed under adverse titles. The appellant holds the elder patent, upon which he cxcluff sively relies ; the only inquiry therefore is, whether *477 claim under the following entry 178©, viz. tli? claim of the sppeUee, who was complainant in t!« court below, ought to be sustained ? He derives his made the 1 Hh of May Abraham Quin enters 500 acres upon a treasury warrant, on the east side and adjoining the road from Cartwright’s to the Indian licks, on the waters oí Cartwright’s and Hardin’s creeks, including a small improvement on the waters of Hardin’s creek marked D.”
Cartwright's to the Indian Licks, on the waters of Cartwright’s and Hardin’s creeks, inclti-ding an improvement on the waters 0/ Hardin's cteek marked D«
The improvement being immediately on the road on the waters of Hardin’s creek* & within lefs than half a mile of the dividing ridge between the two creeks, the head waters of which approximate each other, and no other improvement being fhewn, the improvement might have been found by reafonabie inquiry, and when found was identified by the letter D, — • notoriety of the improvement therefore not requifite*
The entry declared valid & the furvey thereof directed in a square, at right angles to the general courfe of the road,the middle of the base to be midway between the improvement and the halfway point between the headwaters of the two creeks nearest the road,
*477 The road from Cartwright’s to the Indian licks, and Cartwright’s and Hardin’s creeks, are abundantly proven to have been well known by their respective names at and before the date of this entry. The.road crosses both of those streams and in its general course is nearly north and south. On the eastern side of the road the waters of these streams in their sources approximate near to each other, and the dividing ground between them, as portrayed upon the connected plat, projects in an eastern direction nearly at right angles from the road. The relative positions of these objects are such therefore as to harmonize with each other, and produce n perfect congruity with the entry, and so far there is no doubt or difficulty in the case. But the remaining call for the improvement presents some difficulty. The place claimed by the appellee as the improvement intended to be included in the entry is immediately on the eastern side of the road, on the waters of Hardin’s creek, and within less than a half mile of the dividing ground between the waters of Cartwright’s and Hardin’s creeks, and no other improvement is shewn to have existed prior to the date of the entry upon the waters of Hardin’s creek. Under these circumstances, if in truth the improvement existed at the place contended for at the date of the entry, and be sufficiently identified, we think it unnecessary that it should have possessed notoriety in order to give validity to the entry, so far as it depends upon this call. For with the aid of the other calls, the objects of which possessed unquestionable notoriety, a subsequent locater might without any extraordinary exertion have found the improvement, although it were not in itself notorious. But the difficulty presented by this call is, whether the proof is sufficient to establish the fact that th -improvement did exist at die period when the entry w as made. TBé *478 evidence on this point, though not contradictory is cer tainly not as explicit as it might have been. Two wit nesses swear that the improvement existed at the time when the original survey was made, the survey however was not made until several years after the date of th-entry. But one of these witnesses, who made the entry, also swears that the improvement contended for by the appellee is that which is called for by the entry, ami that he made the improvement for the entry. This evi dence is certainly open to verbal criticism, but nice and . critical objections ought not to prevail against the obvious meaning of the witness. The depositions on this point, as is apparent from their face, have been very un-skilfully and artlessly taken, but a candid construction of them we think leads to a fair conclusion in favor of the existence of die improvement at the date of the entry.
Taking then the objects of the several calls of the entry to be sufficiently established, the only remaining inquiry is, how the entry ought to be surveyed.
Had the entry not contained the call for the improvement, we should have accorded with the circuit court, as to the manner in which the survey ought to have been made, that is, that the road should be the base or western boundary, the centre or middle of which should be at a point equidistant from the heads of the waters of Hardin’s and Cartwright’s creeks, which are nearest the road, and that lines should extend from the extremes of the baseline eastwardly at right angles to the base so far as to include the 50⅞ acres in a square. But the call for the improvement cannot be disregarded in fixing the position of the survey, it is entitled to equal influence with the others. We are therefore of ©pinion that the centre of the base line ought to be at a point on the road equidistant from the improvement and the centre of the base, as fixed by the circuit court, and that the base line should be extended along the road so far that when reduced to a straight line it will be the side of a square of 500 acres, and that the lines from the two extremes of the base should extend in an eastern direction at right angles thereto, so far include the quantity of 500 acres in a square, survey*, when thus made, itis apparent from the connected plat will not include the whole of the land in coax to* The* *479 troversy. The decree of the circuit court having "been in favor of the anpth ;;; for fo-- w^ole of the land in 'not cons and must be re-tíase remanded to the circuit there entered according to the controversy, it is *h~refo’ versed with costs, and tb court, for a decree to be foregoing opinion.